UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00981-JVS (DFMx) | Date | March 10, 2015 |
|---|---|---|---|
| Title | Taide Zepeda, et al. v. Casa de Portola, Ltd., et al. | | |

| Present: The Honorable | Douglas F. McCormick | |
|---|---|---|
| Terri Steele | | CS 03/10/2015 |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None Present | | Alexander J. Harwin |

**Proceedings:**     (In Court) Hearing on Plaintiff's Motion to Compel [Dkt. #18]

   Case called.   Appearance made.   Discussion held.   The Court rules in accordance with the tentative ruling as follows:

   Plaintiffs, current tenants of the Casa de Portola apartment complex, allege that they have been discriminated against based upon familial status, in violation of the Fair Housing Act ("FHA"). Plaintiffs seek the name, address and telephone number of current and former tenants of the Casa de Portola apartment complex. Defendants generally object on the basis of privacy grounds.

**1.0    The Disputed Interrogatories**

   Interrogatory No. 1: "The name, last known address, and telephone number of each tenant who lived at the COMPLEX at any time between January 1, 2012 and July 3, 2014."

   Interrogatory No. 2: "The last known name, address, and telephone number of each tenant who moved out of the COMPLEX at any time in the last 15 months, which tenant(s) also had lived at the COMPLEX at any time between October 1, 2010 and July 3, 2014."

   Interrogatory No. 3: "Please identify the name, telephone number, and apartment number of any tenant at the COMPLEX who has minor children living with them."

   Interrogatory No. 4: "Please identify the name, last known address, and telephone number of any tenant at the COMPLEX who moved out within the last 15 months who had minor children living with them at the COMPLEX."

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00981-JVS (DFMx) | Date | March 10, 2015 |
|---|---|---|---|
| Title | Taide Zepeda, et al. v. Casa de Portola, Ltd., et al. | | |

**2.0    Applicable Law**

The federal rules allow for broad discovery of "any nonprivileged matter that is relevant to a party's claim or defense—including . . . the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information does not have to be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Federal courts ordinarily recognize a constitutionally based right of privacy that can be raised in response to discovery requests. See, e.g., A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006). Courts must balance the need for the information sought against the privacy right asserted. Id.

**3.0    Analysis**

Stripped of rhetoric and bombast, the parties essentially dispute whether Plaintiffs are entitled to telephone numbers for Defendants' current and former residents. Plaintiffs argue that such contact information is necessary to facilitate the investigation of their claims and minimize the concern that telephone calls will be invasive. Defendants argue that providing telephone numbers will breach the third-party privacy rights of their tenants.

As the parties recognize, this issue has been addressed by other district courts in similar fair housing cases filed by Plaintiffs' counsel. In those cases, the courts have balanced the privacy rights of the third party tenants against Plaintiff's need for contact information and struck a balance that orders discovery of tenants' contact information subject to the following restriction:

> Plaintiffs/plaintiffs' counsel may only contact such third parties in writing (mail/email) to inform the third parties that plaintiffs/plaintiffs' counsel wishes to talk to them about this lawsuit and provide contact information for plaintiffs' counsel/plaintiffs' counsel's investigator. The writing shall make clear that those contacted are under no obligation whatsoever to respond in any manner to the writing. In the event any such third party thereafter does respond and indicates that he/she is willing to communicate with plaintiffs' representative(s) in another fashion (e.g., telephonically), plaintiffs/plaintiffs' counsel/plaintiffs' counsel's investigator may do so.

Fabiola Villalvazo v. Borba Investment Realty, SA CV 14-454, Dkt. 27 (C.D. Cal. Sept. 10, 2014); see also Zuniga v. Western Apartments, No. 13-4637, 2014 WL 2599919, at * 3 (C.D. Cal. Mar. 25, 2014) (imposing similar restriction); Sanders v. Edge Holdings, No. 11-1590, 2012 U.S. Dist.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00981-JVS (DFMx) | Date | March 10, 2015 |
|---|---|---|---|
| Title | Taide Zepeda, et al. v. Casa de Portola, Ltd., et al. | | |

Lexis 27090, at *5-*6 (S.D. Cal. Mar. 1, 2012) (imposing similar restriction).

  Plaintiffs urge the Court to reject these cases, arguing that these restrictions are inconsistent with Federal Rule of Civil Procedure 26(a)(1)(A)(i). The Court disagrees. The cited provision relates to a party's initial disclosure obligation and is limited to the disclosure of witnesses "that the <u>disclosing party</u> may use to support <u>its claims or defenses</u>." Thus, Plaintiffs' contention (see, e.g., Plaintiffs' Supplemental Memorandum at 4) that Rule 26(a)(1)(A)(i) "requires the disclosure of telephone numbers of all witnesses" is misplaced. By its very terms, Rule 26(a)(1)(A)(i) does not apply to the situation here.

  Accordingly, the Court orders Defendants to provide name and address information for the tenants implicated by Interrogatory Nos. 1-4. Defendants are not ordered to provide telephone numbers. Such information shall be provided under the terms of the parties' protective order In addition, the Court imposes the following conditions on Plaintiffs and their counsel:

*Counsel for Plaintiffs may use this information only to contact these tenants in writing to inform the tenants that counsel wishes to speak with the tenants about this lawsuit and to provide contact information for Plaintiff's counsel and/or investigator. The letter shall make clear that those contacted are under no obligation to respond in any manner to the letter.*

  At the hearing on this matter, Defendants' counsel raised the issue of the timeframe of the interrogatories, an issue that was not raised in Defendants' portion of the Joint Stipulation. Defendants did argue in their opposition that discovery should be limited to May 2013 or later, since the Complaint alleges that Defendants' illegal conduct has occurred at "all times since May 2013." Defts' Opposition at 6-7. The Court declines to limit Plaintiff's discovery to such a time period. It appears to the Court that the time frames set forth in Interrogatory Nos. 1-4 are reasonably calculated to lead to the discovery of admissible evidence.

| | : | 10 |
|---|---|---|
| Initials of Clerk | ts | |